[No. F014845. Fifth Dist. Jan. 29, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN McMAHAN, Defendant and Appellant.

## Counsel

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, J. Robert Jibson and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

BUCKLEY, J.—John E. McMahan appeals from a conviction by jury trial of a violation of Penal Code section 220,[1] assault with intent to commit rape, and from the jury's finding in a bifurcated proceeding, that he suffered two prior convictions within the meaning of section 667, subdivision (a).[2] He contends the prosecution failed to meet its burden of proving the elements of

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]Section 667, subdivision (a) states: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious

the prior conviction from the State of Missouri as an enhancement. McMahan also argues the trial court erred in imposing the fine under section 290.3 without first determining he had the ability to pay the fine. We will affirm.

### DISCUSSION

Since the issues on appeal address only the prior conviction from Missouri and the fine imposed at sentencing pursuant to section 290.3, discussion of the facts relating to the section 220 conviction will be omitted.

At trial, the allegations regarding the prior convictions were bifurcated. The second prior conviction alleged was from the State of Missouri for rape (violation of § 566.030 punishable under § 558.011.1(2) of the Revised Statutes of Missouri). At trial on the prior conviction, over defense objection, the prosecution admitted into evidence the judgment/sentence, indictment, McMahan's entry of plea of guilty, the conditions for his pretrial release and the transcript of the proceeding in which he entered his guilty plea in the State of Missouri.

There was no attempt to introduce any evidence, such as a copy of the pertinent Missouri statutes, indicating what elements must be shown to commit the offense of rape as defined in section 566.030 and punishable under section 558.011.1(2) of the Revised Statutes of Missouri.

It is this omission that McMahan contends is fatal to the finding of the prior conviction thereunder. In support of his argument, McMahan relies primarily on *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389] and *People* v. *Guzman*█ (Cal.App.). However, subsequent to submission of the briefs on appeal, *Guzman* was ordered depublished and therefore, is neither capable of being argued nor cited as authority.

As we will explain, reliance on *Crowson* is also unavailing. In *Crowson*, the Supreme Court held that a sentence enhancement for a prior foreign conviction is only permissible when the elements of the foreign crime, as defined by that jurisdiction's statutory or common law, include all of the elements of the California felony. (33 Cal.3d at p. 632.) There, a one-year enhancement on a prior federal conspiracy offense was not found to be

felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

authorized under section 667.5, subdivision (f) because the federal offense did not require proof of an overt act that was a necessary element under the corresponding California felony. The *Crowson* court first looked to the language of the statute and determined that the term "offense" refers to a specific crime as defined by law and not the actual conduct of defendant. (33 Cal.3d at p. 633.) The cases of *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381] and *In re McVickers* (1946) 29 Cal.2d 264, 276 [176 P.2d 40], relating to prior foreign convictions under section 668 were reviewed by the court and found supportive of its interpretation.

*Crowson* further held under the theory of collateral estoppel, a trier of fact is not permitted to rely on facts included in the record of conviction if proof of such facts is not a required element of the original offense. Because the defendant had no reason or incentive to contest them, these facts were not litigated in the original proceeding and were therefore deemed immaterial surplusage. (33 Cal.3d at pp. 633-634.)

Because of the prosecution's failure to submit the pertinent Missouri statute, McMahan contends the jury may have relied on facts that were not properly adjudicated in the original proceeding to support its finding that his prior conviction was a serious felony under California law.

The continued viability of *Crowson* has been undercut by more recent cases such as *People v. Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150], *People v. Johnson* (1991) 233 Cal.App.3d 1541 [285 Cal.Rptr. 394] and others.

In *People v. Guerrero, supra,* 44 Cal.3d 343, 355, the Supreme Court held that a trier of fact may examine the entire record of conviction to determine the substance of the prior conviction. In that case, the prior conviction of burglary predated the enactment of a statute which made "residential burglary" a serious felony. The trier of fact was permitted to review the entire record to determine whether the prior burglary conviction involved a burglary of a residence.

The Supreme Court reviewed its earlier decisions involving section 668 which were also relied upon in *Crowson: In re Finley, supra,* 68 Cal.2d 389, *In re Seeley* (1946) 29 Cal.2d 294 [176 P.2d 24] and *In re McVickers, supra,* 29 Cal.2d 264. In doing so, the Supreme Court overruled *People v. Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154] which had limited proof to matters necessarily established by the prior judgment of conviction. Under *Alfaro,* the trier of fact was limited to reviewing the judgment and the matters necessarily adjudicated therein. (*Id.* at p. 636.)

Although *Guerrero* involved a prior felony committed in California, certain cases relied upon by that court involved the use of prior foreign convictions for enhancement purposes. The principles set forth in *Guerrero* also apply to use of prior foreign convictions for enhancement purposes as authorized under section 667. (*People* v. *Reynolds* (1989) 211 Cal.App.3d 382, 390 [259 Cal.Rptr. 352]; *People* v. *Johnson, supra,* 233 Cal.App.3d 1541, 1547.)

We agree with the interpretation of *Guerrero* and *Crowson* given by the appellate court in *People* v. *Johnson, supra,* 233 Cal.App.3d 1541, a case involving an issue similar to that addressed here.

In *Johnson,* the court was presented with the Nevada indictment, judgment and trial court minute orders to support a finding that the Nevada prior was a serious felony. It was argued on appeal that the Nevada conviction for attempted sexual assault had no comparable offense in California. Following *Guerrero,* the *Johnson* court noted that the serious felonies listed in section 1192.7 describe criminal conduct, not specifically enumerated crimes. (233 Cal.App.3d at pp. 1545-1546.) As such, the entire record of the prior conviction is subject to scrutiny to determine its substance. (*Ibid.*) As here, the defendant argued that since *Guerrero* did not involve a foreign prior, as did *Crowson,* the *Crowson* rule controls (strict element comparison). (*Id.* at pp. 1546-1547.)

■ Here, the People correctly argue that the text of the foreign statute is important in only two situations: (1) where the entire record cannot be examined; and (2) where the court records relied upon fail to establish facts disclosing the substance of the offense actually committed. (Cf. *People* v. *Reynolds, supra,* 211 Cal.App.3d 382; *People* v. *Rhoden* (1989) 216 Cal.App.3d 1242 [265 Cal.Rptr. 355].) It is only if the record does not disclose the facts of the offense actually committed that a presumption then arises that the prior conviction was for the least offense punishable. (*People* v. *Guerrero, supra,* 44 Cal.3d 343, 352 [articulating the rule of *In re McVickers, supra,* 29 Cal.2d 264].)

■ Having set forth the foregoing rules of law, we conclude the trial court did not err by finding that the Missouri prior conviction for rape included all of the elements of "any serious felony" in California, specifically rape.

Under section 261, California defines rape as:

"an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another."

In the Missouri proceedings, McMahan was charged by an indictment which read, in pertinent part, as follows: "JOHN MCMAHON [*sic*], in violation of Section 566.030, RSMo, committed the class B felony of rape . . . in that . . . either acting alone or knowingly in concert with another, had sexual intercourse with . . . , to whom defendant was not married, without [her] consent . . . by the use of forcible compulsion." A properly certified copy of the indictment was submitted to the trial court here.

As can be readily ascertained, the indictment presented in Missouri squarely sets forth allegations which, if true, would constitute forcible rape in California. To this charge, McMahan pleaded guilty; a properly certified copy of the "Guilty Plea" was submitted to the trial court below.

Also submitted to the trial court was a certified transcript of the proceedings regarding the guilty plea. In this proceeding, the Missouri judge, after obtaining the name of John Edward McMahan for the record, elicited from McMahan the following factual admissions by colloquy between the court and the defendant:

"Q. Now, with respect to this charge, would you tell the Court what happened on, well, from August 31, with respect to this charge?

"A. I was out at Walker's Tavern in Knobtown, and I had been drinking. It was late. The bar had closed. I was on my way home. I noticed a car off of the exit ramp, and I took the exit ramp to see if I could assist anybody. I noticed there was a flat tire. So I got out of my car and came back and proceeded to ask if I could help. I did. I got out, and I fixed the tire, and we were talking. When we got through, why, I offered an alcoholic beverage to this girl. We were drinking, and I just had intercourse with her.

"Q. Okay. By 'intercourse', did your penis penetrate her vagina?

"A. Yes.

"Q. Had you known this female person before?

"A. No.

"Q. All right. Did you have any reason to believe at the time that this sexual intercourse was without the lady's consent?

"A. Yes.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Q. (By Mr. Lozano) Mr. McMahon [*sic*], I'm going to have to ask you some questions, and I'm going to have to ask you to go into a little bit more detail. At this time, I believe, in your testimony, you had invited the lady to have an alcoholic beverage. That was a can of beer, right?

"A. Yes.

"Q. Was this in your car?

"A. Yes.

"Q. All right. Now, tell the Court what happened from that point, putting in a little bit more detail.

"A. Well, we were drinking the beer and talking. I proceeded to—I was influenced a little because Ms. [C.] is very lovely. I put my arm around her and proceeded to kiss her, and she rejected. I know I shouldn't have. I was aware that she was rejecting, but I was just intoxicated, and she was just very, very lovely, and I just went ahead—

"THE COURT: Did you use physical force to bring about the intercourse?

"THE DEFENDANT: Yes, I guess. I didn't strike anybody or anything like that, but she was jerking away, and I was pulling her toward me.

"THE COURT: She was trying to get away?

"THE DEFENDANT: Yes.

"THE COURT: And you physically, and with force, prevented her from doing that in order to accomplish the intercourse; is that what you are telling me?

"THE DEFENDANT: Yes, sir.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Q. . . . is it true that she tried to get away and she got out of the car and you got out of the car and stopped her?

"A. Yes.

"Q. Is it true that the two of you got back into the car?

"A. Yes.

"Q. And that you drove to another location?

"A. Yes.

"Q. And at that second location is where you forced intercourse upon Ms. [C.], right?

"A. Yes.

". . . . . . . . . . . . . . . . . . . . . . . . .

"Q. Are you making any claim today that you didn't know what you were doing on August 31 with respect to the rape of Laura [C.]?

"A. No."

In viewing the evidence in the light most favorable to the judgment below, there was substantial evidence to support the jury's finding that McMahan was previously convicted of a serious felony. (*People* v. *Castellanos* (1990) 219 Cal.App.3d 1163, 1174-1175 [269 Cal.Rptr. 93].)

*The Fine Imposed Under Section 290.3*

■ At sentencing, the trial court imposed a $100 fine under section 290.3. McMahan contends the fine was improperly imposed and must be vacated because the court had a duty to determine he had the ability to pay the fine before its imposition. We disagree and hold that such prior determination is not a predicate to levy of the fine.

Section 290.3 provides as follows:

"Every person convicted of a violation of any offense listed in subdivision (a) of section 290 shall, in addition to any imprisonment or fine, or both, imposed for violation of the underlying offense, be punished by a fine of one hundred dollars ($100) upon the first conviction or a fine of two hundred dollars ($200) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine. . . ."

We find we are without judicial precedent and legislative history in our resolution of this issue.

The judicial function in the construction of a statute is to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all. (Code Civ. Proc., § 1858.)

Under the statutory language of section 290.3, imposition of the fine is mandatory, "unless the court determines that the defendant does not have the ability to pay the fine." This language certainly indicates that consideration of the defendant's ability to pay is a factor to be considered in imposing the fine. The critical question is whether it is a condition precedent.[3] If a condition precedent, in every case the court would be required to first determine the defendant's ability to pay before the defendant could then be ordered to pay the fine. (Cf. 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 737, p. 668.)

Although a reading of the critical phrase highlighted above is susceptible of either an interpretation that the court's determination is precedential or that the determination only needs to be made upon the issue being raised by the defendant and his prima facie showing of inability, we construe the phrase to place the burden upon the defendant to timely raise the issue.

We note that if the Legislature clearly intended to require the court to make a determination of ability to pay prior to its order, it could have used the words "provided" or "subject to" instead of "unless." Those words were not used.

The amount involved, $100 upon the first conviction or $200 upon the second and each subsequent conviction, is not such that it could be reasonably argued that the Legislature intended that the court be burdened with the task of determining sua sponte the defendant's ability to pay. Such hearings could be significantly time-consuming, depending on the evidence presented.[4]

Moreover, the most knowledgeable person regarding the defendant's ability to pay would be the defendant himself. It should be incumbent upon the

---

[3]Contrast the language in section 290.3 with the language in pertinent parts of sections 264 and 286 which allow the trial court, as additional punishment, to impose a fine of $70 stating: "The court shall, however, take into consideration the defendant's ability to pay, and no defendant shall be denied probation because of his or her inability to pay the fine permitted under this subdivision."

[4]However, compare the more nominal amount of $70 in sections 264 and 286.

defendant to affirmatively argue against application of the fine and demonstrate why it should not be imposed.

Here, the defendant was informed through the probation report that the probation officer was recommending the imposition of a fine pursuant to section 290.3. No objection to the fine was raised below, nor did defendant make any attempt to show he did not have the ability to pay the fine.

In *People* v. *Keele* (1986) 178 Cal.App.3d 701 [224 Cal.Rptr. 32], the court held that the defendant had waived the right to complain on appeal of imposition of a restitution order. The defendant had failed to object at trial when the court delegated to the court probation officer the determination of the amount of restitution to be imposed on the defendant. In *People* v. *Melton* (1990) 218 Cal.App.3d 1406, 1408 [267 Cal.Rptr. 640], the defendant was not advised at the time of his guilty plea that a restitution fine would be imposed. The court held that any error at trial was waived by the defendant's failure to object at the sentencing hearing, noting that the imposition of the fine had been recommended in the probation report. Likewise here, even if the court were required to initially determine the defendant's ability to pay, his failure to object or present contrary evidence waived the right to complain on appeal. (See also *People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861], citing *Melton* with approval.)

DISPOSITION

The judgment is affirmed.

Ardaiz, Acting P. J., and Harris, J., concurred.