[No. F016933. Fifth Dist. Aug. 5, 1992.]

In re JESSE B. et al., Persons Coming Under the Juvenile Court Law.
KERN COUNTY DEPARTMENT OF HUMAN SERVICES, Plaintiff and
Respondent, v.
DIANE W., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Statement of Case and Facts, and parts I, IIB, IV and V.

**COUNSEL**

Mary Willans-Izett, under appointment by the Court of Appeal, for Defendant and Appellant.

B. C. Barmann, County Counsel, and Marvin R. Coston, Deputy County Counsel, for Plaintiff and Respondent.

Janet J. Gray, under appointment by the Court of Appeal, for Minors.

**OPINION**

**DIBIASO, J.**—This is an appeal from orders terminating the parental rights of Diane W. (Welf. & Inst. Code[1], § 366.26.) Her minor children, Jesse B. (date of birth July 11, 1989) and Wesley W. (date of birth May 13, 1987), join in several of her contentions. We affirm. In part, we will hold that a juvenile court is not required, as a condition precedent to the issuance of a valid termination order under section 366.26, subdivision (c), to expressly note on the record that it has determined the minor would not benefit from a continuance of the parental relationship. We also will conclude section 366.26, subdivision (g) does not require that the minor's preference on the question of termination be expressed only by his or her oral testimony, in court or in chambers, at the termination hearing.

STATEMENT OF CASE AND FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

*See footnote, *ante*, page 845.

DISCUSSION

I.  *Modification Motion\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.  *Section 366.26, Subdivision (c)*

A.  *Findings*

The mother and the minors next contend the juvenile court should have made an express finding with respect to whether the minors would have benefited from continuing the relationship with their mother. They assert there was evidence of such benefit. Appellants rely on section 366.26, subdivision (c), as well as the recent decision in *In re Cory M.* (1992) 2 Cal.App.4th 935 [3 Cal.Rptr.2d 627].

Section 366.26, subdivision (c) provides:

"(c) At the hearing the court shall proceed pursuant to one of the following procedures:

"(1) The court shall terminate parental rights only if it determines by clear and convincing evidence that it is likely that the minor will be adopted. If the court so determines, the findings pursuant to subdivision (b) of Section 361.5 that reunification services shall not be offered, or the findings pursuant to subdivision (e) of Section 366.21 that the whereabouts of a parent have been unknown for six months or that the parent has failed to visit or contact the child for six months or that the parent has been convicted of a felony indicating parental unfitness, or pursuant to Section 366.21 or Section 366.22 that a minor cannot or should not be returned to his or her parent or guardian, shall then constitute a sufficient basis for termination of parental rights unless the court finds that termination would be detrimental to the minor due to one of the following circumstances:

"(A) The parents or guardians have maintained regular visitation and contact with the minor and the minor would benefit from continuing the relationship.

"(B) A minor 10 years of age or older objects to termination of parental rights.

"(C) The child is placed in a residential treatment facility, adoption is unlikely or undesirable, and continuation of parental rights will not prevent

---

*See footnote, *ante*, page 845.

finding the child a permanent family placement if the parents cannot resume custody when residential care is no longer needed.

"(D) The minor is living with a relative or foster parent who is unable or unwilling to adopt the minor because of exceptional circumstances, which do not include an unwillingness to accept legal responsibility for the minor, but who is willing and capable of providing the minor with a stable and permanent environment and the removal of the minor from the physical custody of his or her relative or foster parent would be detrimental to the emotional well-being of the minor."

In *Cory M.*, the court assessed similar language in section 366.25, subdivision (d).[4] The juvenile court in *Cory M.* had authorized the institution of termination proceedings under Civil Code section 232. It made no specific finding concerning the lack of benefit to the child if the relationship with his parent were to continue. The appellate court reversed. It held section 366.25, subdivision (d) required the juvenile court to "determine" whether the child would benefit from further contact as a condition precedent to the issuance of a termination order. (*Cory M.*, *supra*, 2 Cal.App.4th at pp. 950-952.) The court reasoned:

". . . Although worded in the negative, section 366.25, subdivision (d), clearly requires the court to determine whether the child would benefit from further contact with the parent before instituting proceedings which could lead to terminating contact. (*In re Joshua S.* (1986) 186 Cal.App.3d 147, 153

[4]In dependency matters adjudicated before 1989, section 366.25 dictates the permanency planning hearing. In the event the juvenile court chooses adoption as its permanent plan, it will in turn authorize the commencement of a separate termination action under Civil Code section 232. The portion of section 366.25 in issue in *Cory M.* read as follows:

"(d) If the court determines that the minor cannot be returned to the physical custody of his or her parent or guardian and that there is not a substantial probability that the minor will be returned within six months, the court shall develop a permanent plan for the minor. In order to enable the minor to obtain a permanent home the court shall make the following determinations and orders:

"(1) If the court finds that it is likely that the minor can or will be adopted, the court shall authorize the appropriate county or state agency to proceed to free the minor from the custody and control of his or her parents or guardians pursuant to Section 232 of the Civil Code unless the court finds that any of the following conditions exist:

"(A) The parents or guardians have maintained regular visitation and contact with the minor and the minor would benefit from continuing this relationship.

"(B) A minor 10 years of age or older objects to termination of parental rights.

"(C) The minor's foster parents, including relative caretakers, are unable to adopt the minor because of exceptional circumstances which do not include an unwillingness to accept legal responsibility for the minor, but are willing and capable of providing the minor with a stable and permanent environment and the removal of the minor from the physical custody of his or her foster parents would be seriously detrimental to the emotional well-being of the minor." (§ 366.25, subd. (d).)

[230 Cal.Rptr. 437].) The court will authorize Civil Code section 232 proceedings unless [it] finds that the parents have maintained regular visitation and contact and that 'the minor would benefit from continuing this relationship.' Implicitly, before authorizing termination of parental rights, the court must find that the minor would not benefit from continuing the parental relationship.

"We need not decide whether the court must support its determination by an express 'finding' or whether a finding may be implied from other findings of the court. (*In re Kristin W.*, [1990], 222 Cal.App.3d [234] at p. 253 [271 Cal.Rptr. 629]; *In re Albert B.* (1989) 215 Cal.App.3d 361, 374 [263 Cal.Rptr. 694].) In this case no finding suggests that the court ever determined whether Cory would benefit from further contact with Tanya." (*Cory M., supra*, 2 Cal.App.4th at p. 951.)

Although *Cory M.* professes not to address the question whether an express finding with respect to the lack of benefit is required, it is difficult to see how, under the rationale of the case, an appellate court may satisfy itself that the juvenile court has determined the issue without some pointed record reference to the subject, even though it may not be articulated as a formal "finding." The findings necessary to support an authorization order—or in our case a termination order—have nothing to do with the subject of benefit. If announced in the customary form, such findings will not reveal whether the court resolved the question of benefit. Neither will evidence or argument of counsel establish that the court actually considered the point. In practical effect, *Cory M.* compels the juvenile court, before it may enter a valid termination order, to sua sponte place on the record a statement that it has "considered and determined" the matter of benefit. As appellants contend and as it appears to us, this is tantamount to requiring an express negative "finding" on the subject.

We will not apply *Cory M.* to section 366.26. Under this statute, an order terminating parental rights is authorized if the juvenile court makes (1) a finding the child is adoptable and (2) any one of the five additional findings listed in subdivision (c)(1) of section 366.26.[5] However, even if the juvenile court makes such findings, it may decline to order termination if it also concludes termination would be detrimental to the minor because of the

---

[5]Those five findings are: reunification services shall not be offered (§ 361.5, subd. (b)); the whereabouts of a parent have been unknown for six months (§ 366.21, subd. (e)); the parent has failed to visit or contact the child for six months; the parent has been convicted of a felony indicating parental unfitness; or a minor cannot or should not be returned to his or her parent or guardian pursuant to section 366.21 or section 366.22. (§ 366.26, subd. (c)(1).) Most if not all of these findings would be made at a hearing other than the permanency planning hearing.

existence of any one of four alternative circumstances listed in section 366.26, subdivision (c)(1)(A)-(D).

It is apparent from the statutory provisions that the Legislature demands an express finding on the matter of detriment only when the juvenile court determines detriment exists and relies upon it *to refuse* to enter an otherwise proper termination order. ■ The permanent plan preferred by the Legislature is adoption. (*In re Brian R.* (1991) 2 Cal.App.4th 904, 923-924 [3 Cal.Rptr.2d 768].) ■ The conditions under which the juvenile court may reject adoption in favor of a different plan are expressly circumscribed. Section 366.26, subdivision (c) authorizes termination upon the proper findings "unless" the court expressly finds the requisite detriment. The subdivision addresses with particularity the findings necessary to support a termination order; an express negative finding of detriment is not among them. Thus, we do not believe the statutory requirement of an express finding of detriment, before a juvenile court may reject termination as a permanent plan, constitutes a tacit legislative direction to the court to make an express finding of lack of detriment if it decides to order termination. (See, e.g., *People* v. *McMahan* (1992) 3 Cal.App.4th 740, 749 [4 Cal.Rptr.2d 708].)

This is not to say the juvenile court may refrain from considering the question of detriment when the issue has been presented. However, it is only when the juvenile court is persuaded to forego termination that it must mention the subject in its ruling, by way of a finding pursuant to subdivision (c)(1) (A)-(D) of section 366.26. Otherwise, when the court issues a termination order the appellate court will assume, in the absence of a contrary indication in the record, that the juvenile court considered the question of detriment and found none of the four statutory conditions had been established. In other words, we will imply, from the entry of a termination order, a negative finding on the question of detriment. The issue on review will then become whether this implicit finding is supported by substantial evidence; that is, whether the juvenile court abused its discretion. (See *In re Albert B.* (1989) 215 Cal.App.3d 361, 375 [263 Cal.Rptr. 694].)

B.  *Evidence**

. . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 845.

## III. *Minor's Preference*

The mother contends the juvenile court erred by not considering Wesley's desires in deciding whether to terminate the parent-child relationship.[6] Wesley does not join in this appellate issue. The mother relies on section 366.26, subdivision (g) and the recently decertified opinion in *In re Tabetha S.* (Cal.App. D014048) review denied July 30, 1992, and opinion ordered nonpublished.

Section 366.26, subdivision (g) provides: '

"(g) At all termination proceedings, the court shall consider the wishes of the child and shall act in the best interests of the child.

"The testimony of the minor may be taken in chambers and outside the presence of the minor's parent or parents if the minor's parent or parents are represented by counsel, the counsel is present, and any of the following circumstances exist:

"(1) The court determines that testimony in chambers is necessary to ensure truthful testimony.

"(2) The minor is likely to be intimidated by a formal courtroom setting.

"(3) The minor is afraid to testify in front of his or her parent or parents.

"After testimony in chambers, the parent or parents of the minor may elect to have the court reporter read back the testimony or have the testimony summarized by counsel for the parent or parents.

"The testimony of a minor also may be taken in chambers and outside the presence of the guardian or guardians of a minor under the circumstances specified in this subdivision."

The mother appears to argue that a child's preference regarding termination must be presented by his or her oral testimony, in court or in chambers, at the termination hearing. There is no such command in section 366.26, subdivision (g). To hold otherwise would effectively eliminate section 366.26, subdivision (e)(1), which provides that the minor *shall not* be present at the hearing unless he or she requests it or the court orders it. In addition,

---

[6]In her opening brief, the mother suggested the juvenile court should have considered two-year-old Jesse's wishes as well as those of four-year-old Wesley. In her reply brief, it appears the mother has retreated from this position and restricted her argument to Wesley only.

compliance with a testimonial imperative would be impossible in cases of extreme youth or disability. We view the references to testimony in the statute as intended to vest discretion in the juvenile court as to where, and in whose presence, the child's testimony will be taken, *in the event* the child does appear and testify.

In the present case we believe substantial compliance with section 366.26, subdivision (g) was achieved. Wesley had the benefit of independent counsel at the termination hearing.[7] The child's lawyer specifically argued in favor of termination.

The duties of a court-appointed attorney for a minor in a dependency proceeding is statutorily described and compelled. Section 317, subdivision (e) provides:

"The counsel for the minor shall be charged in general with the representation of the minor's interests. To that end, counsel shall make such further investigations as he or she deems necessary to ascertain the facts, including the interviewing of witnesses, and he or she shall examine and cross-examine witnesses in both the adjudicatory and dispositional hearings; he or she may also introduce and examine his or her own witnesses, make recommendations to the court concerning the minor's welfare, and participate further in the proceedings to the degree necessary to adequately represent the minor. *In any case in which the minor is four years of age or older, counsel shall interview the minor to determine the minor's wishes* and to assess the minor's well-being. In addition, counsel shall investigate the interests of the minor beyond the scope of the juvenile proceeding and report to the court other interests of the minor that may need to be protected by the institution of other administrative or judicial proceedings. The court shall take whatever appropriate action is necessary to fully protect the interests of the minor." (Italics added.)

We must assume in the absence of record evidence to the contrary that Wesley's counsel complied with the code's mandate and consulted, to the extent feasible, with his young client before urging the juvenile court to terminate parenthood. Accordingly, the juvenile court could properly conclude the little boy—assuming he had the capacity to reason and form an intelligent preference—did not have a contrary wish. (See *In re Marcos S.* (1977) 73 Cal.App.3d 768, 784-785 [140 Cal.Rptr. 912].)

The juvenile court did not violate section 366.26, subdivision (g).

---

[7]The juvenile court appointed an attorney to represent the boy's interests on the date originally set for the hearing on the mother's motion to modify.

## IV., V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The orders (judgments) terminating the mother's parental rights are affirmed.

Martin, Acting P. J., and, Stone (W. A.), J., concurred.

---

*See footnote, *ante*, page 845.