Filed 7/31/13  P. v. Waters CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NEAL RAYMOND WATERS,<br><br>    Defendant and Appellant. | H038708<br>(Santa Clara County<br>Super. Ct. Nos. C1066875, C1234642) |

Defendant Neal Raymond Waters pleaded no contest in Case No. C1234642 to possession of child pornography.  (Pen. Code, § 311.11, subd. (a).) [1]  He also admitted violating conditions of probation arising from a prior conviction (Case No. C1066875) for failure to inform law enforcement of a new address as a sex offender.  (§ 290.013, subd. (a).)  The trial court imposed a combined term of sixteen months in state prison and terminated defendant's probation.  The court also struck several fees and fines after finding defendant lacked the ability to pay.  However, the court imposed a $500 fine under section 290.3 in Case No. 1234642.

On appeal, defendant contends trial counsel was ineffective for failing to object to the $500 fine based on defendant's inability to pay that fine.  Alternately, he claims the $500 fine should be reduced to $300 because the higher amount was unauthorized.

---

[1] All further statutory references are to the Penal Code.

We reject defendant's ineffective assistance of counsel claim.  However, because the amount of the fine was unauthorized, we reduce it to $300.  As modified, the judgment is affirmed.

FACTS AND PROCEDURAL BACKGROUND

In June 2012, law enforcement conducted a probation search of defendant's residence and discovered child pornography on his computer.  Defendant was charged by felony complaint in Case No. 1234642 with possession of child pornography.  He pleaded no contest and received a combined sixteen-month prison sentence on the pornography conviction and for his probation violation in Case No. C1066875 (his prior case for failing to register as a sex offender).  The trial court thereafter terminated his probation.  In addition, the trial court imposed a $500 fine under section 290.3 but waived other discretionary fines based on defendant's inability to pay.

DISCUSSION

I.      *Ineffective Assistance of Counsel*

Defendant contends trial counsel rendered ineffective assistance of counsel by failing to object to the imposition of the $500 fine, while the court waived other fees due to his inability to pay.  He argues that if counsel had objected, the trial court, having found him unable to pay other fines, also would have found him unable to pay the $500 fine.  Respondent argues that trial counsel made a tactical decision not to object to the $500 fine under section 290.3 because defendant had the ability to pay *all* the fines—a fact that would have been obvious if counsel had objected.

A.      *Standard of Review*

To prevail on a claim of ineffective assistance of counsel, defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced his defense.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 (*Strickland*).)  Counsel's performance is considered deficient when it falls below an objective standard of reasonableness.  (*Id.* at p. 688.)  And the defense is prejudiced if there is a reasonable

2

probability that the result would have been different. (*People v. Mesa* (2006) 144 Cal.App.4th 1000, 1007; see also *Strickland, supra*, 466 U.S. at p. 688.)

A reviewing court must indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland, supra*, 466 U.S. at p. 689.) "Tactical errors are generally not deemed reversible." (*People v. Hart* (1999) 20 Cal.4th 546, 623.) When the record sheds no light on why counsel acted or failed to act in the manner challenged, the appellate court must reject the contention, "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." (*Id.* at pp. 623-624.)

B.     *Defense Counsel's Performance Was Not Deficient*

Section 290.3 states that every person convicted of any offense specified in subdivision (c) shall be punished by a fine, "unless the court determines that the defendant does not have the ability to pay the fine." (§ 290.3.) When a statute mandates a fine but requires the court to consider the defendant's ability to pay, the burden is on the defendant to object or demand a hearing to determine the ability to pay. (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749.) Here, the court imposed a $500 fine and defense counsel did not object.

Trial counsel may have made a tactical decision not to object to the fine because defendant could afford it. The record shows that defendant posted $15,000 bail after he failed to register his new address as a sex offender, retained private counsel, paid for his own electronic monitoring program, and earned $50,000 per year as a self-employed photojournalist. Had counsel lodged an objection, the ensuing proceedings may have revealed that defendant also had the ability to pay the discretionary fines the court had waived. Defendant's ability to pay also made it unlikely that counsel's objection would have succeeded. Therefore, defendant's ineffective assistance of counsel claim fails.

II.     *Whether the Fine Was Authorized*

Section 290.3 provides that "[e]very person who is convicted of any offense specified in subdivision (c) of Section 290 shall [. . .] be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction." (§ 290.3.)  Defendant argues, and respondent concedes, that the court was not authorized to impose a fine of $500 because defendant had not been convicted of a second or subsequent offense listed in subdivision (c).

We agree.  Under section 290.3, the fine cannot exceed $300 because defendant had only one conviction for an offense listed in subdivision (c).  Defendant had a prior conviction in Texas, but that offense does not qualify as a subsequent offense because section 290.3 does not otherwise specify that out-of-state convictions qualify to increase the amount of the fine.  Furthermore, although defense counsel failed to object to the amount of the fine below, the matter can still be raised on appeal because an unauthorized sentence "constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal." *People v. Scott* (1994) 9 Cal. 4th 331, 354).  A fine of $300 must be imposed because it is a mandatory fee unless the defendant is unable to pay it.  Since the record shows that defendant can pay this fine, the judgment will be modified to reduce the fine to $300.

4

## DISPOSITION

The judgment is modified to reduce the $500 fine imposed under section 290.3 to $300.  As so modified, the judgment is affirmed.

_____
Márquez, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Bamattre-Manoukian, J.

5