Filed 10/28/14  P. v. Woods CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B255343 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA379637) |
| v. | |
| LYNN WOODS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury convicted Lynn Woods on one count of first degree murder (Pen. Code, § 187, subd. (a)) and two counts of possession of a firearm by a felon (former § 12021, subd. (a)(1)) and found true special allegations regarding firearm use (§ 12022.53, subds. (b), (d)). The trial court sentenced Woods to an aggregate state prison term of 53 years, eight months to life: an indeterminate term of 25 years to life for first degree murder, plus an indeterminate term of 25 years to life for the firearm-use enhancement, plus a determinate term of three years (the upper term) for possession of a firearm by a felon, plus a determinate term of eight months (one third the two-year middle term) for possession of a firearm by a felon. The trial court stayed sentence on the two other firearm enhancements. Included among the statutory fines, fees and assessments imposed by the court was a $10,000 restitution fine, $7,500 in restitution to the Victim Restitution Board and $357.15 in direct restitution to the victim's family.

Woods appealed, challenging his murder conviction on the grounds of instructional error and requesting that we review the in camera proceedings conducted by the trial court pursuant to his motion for production of documents under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). This court rejected Woods's claims of instructional error, but conditionally reversed the judgment and remanded for a new *Pitchess* hearing. (*People v. Woods* (Oct. 21, 2013, B241041) [nonpub. opn.]).

Following further proceedings on remand, the trial court reinstated the prior judgment. Representing himself, Woods filed a "Notice of Reduction of Fines Restitution for Lack of Ability to Pay Hearing" on February 14, 2014, claiming the trial court improperly imposed "a restitution fine for the amount of $17,857.15 without notice or a hearing on the ability to pay." The trial court summarily denied the motion.

We appointed counsel to represent Woods on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On July 29, 2014, we advised Woods he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the entire record and are satisfied Woods's appellate attorney has complied fully with the responsibilities of counsel. No arguable issues exist.

(*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

"In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (Pen. Code, § 1202.4, subd. (b).) When the crime is a felony, the fine shall be set at between $200 and $10,000, commensurate with the seriousness of the offense. (Pen. Code, § 1202.4, subd. (b)(1).) Woods was convicted of first degree murder; the seriousness of the offense supported the maximum fine of $10,000.

A person's inability to pay the restitution fine is not a compelling and extraordinary reason not to impose the fine, but it shall be considered among other factors in setting the amount of the fine in excess of the $200 minimum. (Pen. Code, § 1202.4, subds. (c), (d).) The statute presumes the individual has the ability to pay the fine. (*People v. Romero* (1996) 43 Cal.App.4th 440, 448-449.) "A defendant shall bear the burden of demonstrating his or her inability to pay." (Pen. Code, § 1202.4, subd. (d).) 1202.4, subd. (d); see *People v. McMahan* (1992) 3 Cal.App.4th 740, 749 [where statute mandates a fine but requires trial court to consider defendant's ability to pay, burden is on defendant to object or demand a hearing on ability to pay].)

Woods has forfeited a challenge to the restitution fine for the following reasons: First, he neither objected to the amount of the fine nor requested a hearing to determine his ability to pay at the time of sentencing. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.) Second, as a term of the original judgment, the restitution fine should have been challenged in Woods's original appeal. Where a judgment has been appealed, the defendant's failure to timely raise the issue precludes his or her belated attempt to appeal from an order denying modification. To hold otherwise would condone extending the jurisdictional time limit for filing appeals through the bootstrapping vehicle of a post judgment motion to modify. (See *People v. Djekich* (1991) 229 Cal.App.3d 1213, 1219.)

3

## DISPOSITION

The order is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.