Filed 11/3/14  P. v. Small CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B255501 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA143493) |
| v. | |
| SHELLY LAMONT SMALL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Shelly Lamont Small, in pro. per., and Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Shelly Lamont Small appeals from the order denying his motion to modify the restitution fine imposed as part of his sentence. We affirm.

On October 19, 1998, a jury convicted Small of the first degree murder of Patricia Oliverires (Pen. Code, § 187, subd. (a)) and found he had personally used a firearm to commit the offense (former Pen. Code, § 12022.5, subd. (a)).

On November 18, 1998, the trial court sentenced Small to an aggregate state prison term of 29 years to life: a term of 25 years to life for first degree murder, plus 4 years for the firearm-use enhancement. The trial court imposed a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b) and $1,800 in victim restitution (Pen. Code, § 1203.04) for funeral expenses. The court also imposed and stayed a parole revocation fine (§ 1202.45).

Representing himself, on March 20, 2014, Small filed a motion to modify the restitution fine, claiming the "$21,800 restitution fine" is excessive. In denying the motion, the court noted the restitution fine Small was ordered to pay was in the amount of $10,000, not $21,800, the record failed to show Small objected to the restitution fine when it was imposed and there was no showing of Small's ineligibility to work in prison for wages, which could be garnished to pay the restitution fine.

Small timely appealed. We appointed counsel to represent him on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On August 13, 2014, we advised Small he had 30 days within which to personally submit any contentions or issues he wished us to consider. After granting Small one extension, on September 23, 2014 we received a nine-page typed supplemental brief in which Small reasserted his claim the restitution fine is excessive. Small also argued his trial counsel provided ineffective assistance in failing to object to the amount of the restitution fine and to request the trial court to make an express finding concerning Small's ability to pay.

We have examined the record and are satisfied Small's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756];

2

*People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

"In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (Pen. Code, § 1202.4, subd. (b).) When the crime is a felony, the fine shall be set at between $200 and $10,000, commensurate with the seriousness of the offense. (Pen. Code, § 1202.4, subd. (b)(1).) Small was convicted of first degree murder; the seriousness of the offense supported the maximum fine of $10,000.

A person's inability to pay the restitution fine is not a compelling and extraordinary reason not to impose the fine, but it shall be considered among other factors in setting the amount of the fine in excess of the $200 minimum. (Pen. Code, § 1202.4, subds. (c), (d).) The statute presumes the individual has the ability to pay the fine. (*People v. Romero* (1996) 43 Cal.App.4th 440, 448-449.) "A defendant shall bear the burden of demonstrating his or her inability to pay." (Pen. Code, § 1202.4, subd. (d).) 1202.4, subd. (d); see *People v. McMahan* (1992) 3 Cal.App.4th 740, 749 [where statute mandates a fine but requires trial court to consider defendant's ability to pay, burden is on defendant to object or demand a hearing on ability to pay].)

As the trial court found, Small neither objected to the amount of the fine nor requested a hearing to determine his ability to pay at the time of sentencing. He therefore forfeited his challenge to the restitution fine. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.) With respect to Small's claim of ineffective assistance of counsel, this issue cannot be addressed because it relies on matters outside the record on appeal. If cognizable at all, Small's claim must be pursued by a different, appropriate procedure.

**DISPOSITION**

The order is affirmed.


ZELON, J.


We concur:



WOODS, Acting P. J.



SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.