Filed 9/25/24  P. v. Mahmood CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082815 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD298404) |
| AHSAN MAHMOOD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Sentence vacated in part and remanded with directions.

Debra A. Postil, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Liz Sulaiman, Deputy Attorneys General, for Plaintiff and Respondent.

Ahsan Mahmood pled guilty to one count of indecent exposure with a prior conviction (Pen. Code,[1] § 314, subd. (1)) and was sentenced to a two-year prison term. Mahmood contends that the trial court violated his constitutional rights by imposing certain fines and fees at sentencing even though Mahmood, who was representing himself, attempted to bring his inability to pay those fines and fees to the attention of the trial court. We conclude that the trial court erred in failing to consider whether to reduce or waive the fines and fees based on Mahmood's inability to pay them. We accordingly vacate the order imposing those fees, and we remand for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2023, Mahmood exposed his penis to a trolley operator in San Diego.[2] Mahmood had numerous prior convictions for indecent exposure (§ 314, subd. (1)). According to the probation officer's report, Mahmood had very recently been released from prison, and before that he had been living as a transient, using services offered by various shelters.

Mahmood was charged with one count of indecent exposure with a prior conviction. (§ 314, subd. (1).) On April 26, 2023, the trial court granted Mahmood's request to represent himself. A preliminary hearing was held on May 3, 2023, and a trial date was set for July 20, 2023.

While representing himself, Mahmood attempted to file form FW-001, titled "Request to Waive Court Fees," by mailing the form from jail. That

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] We base our description of the incident on the probation officer's report and the testimony at the preliminary hearing.

2

form is designed to be used in civil litigation for qualifying litigants to receive a waiver of court fees and costs, including filing fees and reporters' fees. (Cal. Rules of Court,[3] rules 3.51, 3.55, 3.56; Gov. Code, §§ 68631–68633.) Mahmood checked the box on the form for the statement "I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to . . . waive all court fees." Mahmood filled out the second page of the form to show that he had no assets and no income except for food stamps. The form was signed June 14, 2023, and Mahmood later stated that he sent it on that date.

On June 21, 2021, Mahmood – still representing himself – pled guilty to the charge of indecent exposure with a prior conviction in exchange for an agreement to a mid-term sentence of two years.

On June 29, 2023, the clerk's office returned to Mahmood his "Request to Waive Court Fees," without filing it. In returning the attempted filing, the deputy clerk stated, "Please clarify what fees you are trying to waive in this case. If needed, please attach a separate letter." Mahmood responded by mailing a handwritten letter, along with a completed form FW-002, titled "Request to Waive Additional Court Fees," which he dated July 14, 2023. Form FW-002 is designed to be used by civil litigants to request a waiver of certain types of fees not covered by form FW-001, such as jury fees and witness fees. (Rules 3.51, 3.56.) Mahmood's handwritten letter stated, "I had sent a FW-001 form to request court fees waived. In response the court sent me a letter to clarify what fees[,] but on the FW-001 form on section 5c I checked and specified, ALL COURT FEES. In the envelop[e] is enclosed a FW-002 form to specify what fees in section 5. Also enclosed is the original FW-001 sent on June 14, 2023 along with a 'send back' form . . . . I am

---

[3]    All further references to rules are to the California Rules of Court.

requesting to waive ANY AND ALL COURT FEES GIVEN DURRING [*sic*] DUE PROCESS OF MY CASE." Mahmood's letter was filed stamped July 25, 2023. We infer that Mahmood mailed the letter and form FW-002 from jail sometime around the date he signed the form on July 14, 2023.

Mahmood's sentencing hearing was held on July 20, 2023. The trial court imposed the two-year sentence reflected in the plea agreement and then turned to the imposition of fines and fees, as follows:

> "The Court: As to the fines, the court will reduce the restitution fine to $300, with an additional $300 to be stayed, the court security fee, critical needs fee, and a sex registration fee of $500 with the [section] 290 [sex offender] registration.
>
> "The Defendant: I have a waiver form to have the fees reduced or waived.
>
> "The Court: I reduced them, sir, to $300. That's the least it can be reduced to. All right. Good luck to you."

The minute order and the abstract of judgment reflect that the trial court imposed a $30 criminal conviction court facilities fee (Gov. Code §70373), a $40 court operations fee (Gov. Code § 1465.8), a $300 restitution fine (§1202.4, subd. (b)), a suspended parole revocation restitution fine (§ 1202.45), and a $500 sex offender fine (§ 290.3).

On August 15, 2023, the trial court issued an ex parte minute order that addressed the handwritten letter and form FW-002 from Mahmood that it had filed on July 25, 2023. The order stated, "The Court is in receipt of the correspondence from the defendant requesting that any [and] all [ ] court fees imposed throughout the course of the case be waived. The request has been read and considered by the Court, and it is denied. Previous fines and fees are still in effect."

Representing himself, Mahmood filed a notice of appeal from his guilty plea, along with a request for a certificate of probable cause, which the trial

4

court denied. Mahmood subsequently obtained counsel, who timely filed a second notice of appeal "based on the sentence or other matters that occurred after the plea and do not affect its validity." Thereafter, we issued an order limiting the issues on appeal to "matters occurring after the plea that do not involve prior strike convictions and the stipulated sentence, other than as set forth in Penal Code section 1016.8."

## II.

## DISCUSSION

Mahmood's appeal challenges the trial court's imposition of fines and fees at sentencing. Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) and related case law, Mahmood contends that the trial court improperly imposed those fines and fees "without first conducting an ability-to-pay hearing, as required by principles of due process and equal protection, despite [Mahmood's] express request to waive such fees due to his inability to pay." He also contends that the imposition of punitive fines was improper in light of the excessive fines clause of the Eighth Amendment to the United States Constitution. (U.S. Const., 8th Amend.) Among the remedies that Mahmood seeks is an order remanding this matter for a hearing on his ability to pay the fines and fees.[4]

A. *Applicable Legal Standards*

We begin with an overview of the principles set forth in *Dueñas*, *supra*, 30 Cal.App.5th 1157, and subsequent case law. *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government

---

[4] Mahmood does not seek relief regarding the $300 suspended parole revocation restitution fine. (§ 1202.45)

5

Code section 70373." Further, addressing restitution fines, *Dueñas* held that "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.)

Numerous subsequent opinions have addressed the issues presented in *Dueñas, supra*, 30 Cal.App.5th 1157, including case law expressing the view that the appropriate analysis for punitive fines should be based on the excessive fines clause of the Eighth Amendment and its counterpart in the California Constitution (Cal. Const., art. I, § 17), rather than on principles of due process. (See, e.g., *People v. Kopp* (2019) 38 Cal.App.5th 47, 94, review granted Nov. 13, 2019, S257844 (*Kopp*); *People v. Cowan* (2020) 47 Cal.App.5th 32, 43, review granted June 17, 2020, S261952; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069.) Our Supreme Court is currently considering the issues raised in *Dueñas*. Specifically, our Supreme Court has granted review to decide the following questions: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" (*People v. Kopp*, S257844, Supreme Ct. Mins., Nov. 13, 2019.)

Although our Supreme Court is considering the issue of which party would have the burden of proof under an ability-to-pay inquiry, most case law agrees that, following *Dueñas* and its progeny, a defendant who fails to object to the imposition of fines and fees forfeits the ability to challenge them on appeal. (See *People v. Ramirez* (2023) 98 Cal.App.5th 175, 224 (*Ramirez*)

6

[citing cases]; *People v. Evers* (2023) 97 Cal.App.5th 551, 556 ["Once caselaw exists holding that a hearing on ability to pay is constitutionally required when requested, a defendant who does not object or ask for a hearing forfeits the claim of error."].) Moreover, when, as here, a challenge to the imposition or calculation of fines and fees is the only issue raised on appeal, section 1237.2 provides that the appeal may not be taken unless the defendant first presents the claim in the trial court. (*People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

We note also that, regardless of the constitutional principles discussed in *Dueñas* and its progeny, the authorizing statute for the $500 sex offender fine (§ 290.3) expressly states that the fine should not be imposed if defendant lacks the ability to pay it. Specifically, section 290.3, subdivision (a) provides, "Every person who is convicted of any offense specified in subdivision (c) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction, *unless the court determines that the defendant does not have the ability to pay the fine.*" (Italics added.) "This language certainly indicates that consideration of the defendant's ability to pay is a factor to be considered in imposing the fine." (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749 (*McMahan*).) However, the trial court is not required to inquire into the defendant's inability to pay when imposing a fine under section 290.3 unless the defendant raises the issue. (*Ibid*; *People v. Acosta* (2018) 28 Cal.App.5th 701, 707.)

7

B.  *Mahmood Did Not Forfeit His Contention That the Trial Court Was Required to Consider His Ability to Pay When Imposing the Fines and Fees*

We must first consider whether, as the People contend, Mahmood forfeited his challenge to the imposition of the fines and fees because he did not sufficiently raise the issue in the trial court.

The People specifically acknowledge that (1) Mahmood attempted to file a Request to Waive Court Fees on form FW-001 prior to the sentencing hearing, in which he asserted his inability to pay court fees; and (2) at the sentencing hearing, Mahmood brought to the court's attention his request to reduce or waive fees. However, according to the People, those actions were insufficient to preserve Mahmood's appellate challenge because Mahmood did not specifically "request an inability to pay hearing."

However, none of the authorities cited by the People create any categorical requirement that a defendant must specifically ask for *a hearing* on the inability to pay.[5]  Case law decided after *Dueñas* generally requires that the defendant bring the inability-to-pay issue to the attention of the court, but it does not focus on any requirement that the defendant specifically request a hearing.  (See *Ramirez, supra,* 98 Cal.App.5th at p. 224 [stating that forfeiture occurs "where a defendant fails to object to fines and fees on ability to pay grounds"].)  Further, because of Mahmood's confusion about the use of the FW-001 form, he could reasonably have believed he did not need to request a hearing because he already presented the details of his financial

---

[5]  The authorities that the People cite all predate the *Dueñas* opinion and deal only generally with the concept that a defendant may forfeit a challenge to fees by failing to raise that issue in the trial court.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 80; *People v. Aguilar* (2015) 60 Cal.4th 862, 864; *People v. Avila* (2009) 46 Cal.4th 680, 729.)

8

condition to the court when he filled out the information on form FW-001 regarding his income, assets and expenses.

With respect to the $500 sex offender fine, section 290.3 does not require that a defendant specifically ask for a *hearing* regarding the ability to pay. Case law requires only that the defendant "timely raise the issue." (*McMahan*, *supra*, 3 Cal.App.4th at p. 749.)

Here, in light of Mahmood's pro per status and his repeated attempts to obtain a reduction or waiver of fees and costs due to his indigent status, including by raising the issue at the sentencing hearing, we conclude that Mahmood has sufficiently preserved for appeal his challenge to the trial court's failure to consider Mahmood's ability to pay when imposing the fines and fees. Although Mahmood's attempt to file form FW-001 and form FW-002 was not the correct method for a defendant in a criminal proceeding to request a reduction of fines and fees due to an inability to pay, as a pro per litigant Mahmood could have reasonably believed that he was following the correct procedure for raising any issues arising from his inability to pay. For one thing, the explanation at the top of form FW-001 states, "If you are getting public benefits, are a low-income person, or do not have enough income to pay for household's basic needs and your court fees, you may use this form to ask the court to waive all or part of your court fees. The court may order you to answer questions about your finances." As a defendant representing himself, Mahmood could have understood the form to apply to all of the fees and fines that would be imposed in his case, and he could have understood that by filling out the form that detailed his income, assets and expenses the trial court would decide whether to waive or reduce the fees and fines to be imposed in the case based on that information. The trial court did nothing to dispel that belief. In fact, the clerk's office returned the form FW-

9

001 to Mahmood and asked for further information without indicating its use was inappropriate for the fees associated with Mahmood's criminal proceeding. At the sentencing hearing when Mahmood pointed out that he had "a waiver form to have the fees reduced or waived," the trial court appeared to understand the comment as a request to reduce the fines and fees based on Mahmood's financial condition, but it did not inform Mahmood that he would need to provide any additional information.

We therefore conclude that Mahmood has not forfeited his appellate challenge to the imposition of the fines and fees.

C. *Remand Is Warranted For the Trial Court To Consider Mahmood's Ability to Pay*

Having concluded that Mahmood's appeal is properly before us, we turn to the issue of whether the trial court erred.

The trial court seems to have understood at the sentencing hearing that Mahmood was requesting that the trial court reduce or waive the fines and fees, presumably due to Mahmood's inability to pay, because Mahmood referred to his filing of a "waiver form to have the fees reduced or waived." However, as we will explain, the trial court erred in stating that "the least it can be reduced to" is a reduction of the restitution fine to $300.[6]

First, in stating that the restitution fine was the only fine that could be reduced, the trial court failed to recognize that section 290.3, subdivision (a), provides that the sex offender fine shall be imposed "*unless* the court determines that the defendant does not have the ability to pay the fine." (Italics added.) Because Mahmood raised the issue of his inability to pay, the

---

[6] The trial court was apparently referring to the provision in section 1202.4, subdivision (c) that "[i]nability to pay may be considered . . . in increasing the amount of the restitution fine in excess of the minimum fine" of $300.

10

trial court had the authority, under the proper circumstances, to waive the $500 sex offender fee. The trial court's statement at the sentencing hearing indicates that the trial court was not aware of that authority and improperly rejected the request to reduce or waive the fee without any further inquiry.

Second, as we have discussed, *Dueñas, supra*, 30 Cal.App.5th 1157, and its progeny provide that, under certain circumstances, fees and fines may be reduced or waived based on a defendant's inability to pay. Although the issue is still pending before our Supreme Court (*People v. Kopp*, S257844, Supreme Ct. Mins., Nov. 13, 2019), the People concede in their respondent's brief that a defendant's inability to pay should have *some* legal relevance with respect to the imposition of fines and fees on a defendant.[7] The trial court failed to undertake that analysis despite Mahmood's request for a reduction or waiver of his fines and fees.

Although the parties present argument as to how they believe the relevant legal principles should be applied in deciding whether to reduce or waive any of Mahmood's fines and fees, the record regarding Mahmood's financial condition and other relevant circumstances is not sufficiently developed for us to make that determination for the first time on appeal. Accordingly, we remand for the trial court to hold further proceedings to decide whether any of the fines and fees should be reduced or waived in light of Mahmood's ability to pay them.

## DISPOSITION

The trial court's imposition of the $30 criminal conviction court facilities fee (Gov. Code §70373), the $40 court operations fee (Gov. Code

---

[7] The People take the position that, in general, a defendant's ability to pay should be considered in connection with punitive fines pursuant to the Eighth Amendment's excessive fines clause, and in connection with nonpunitive fees and assessments, pursuant to principles of due process.

11

§ 1465.8), the $300 restitution fine (§1202.4, subd. (b)), and the $500 sex offender fine (§ 290.3) is vacated, and this matter is remanded for the trial court to hold further proceedings to consider whether any of those fees and fines should be reduced or waived based on Mahmood's inability to pay them. If, on remand, the trial court changes the amount of any of the fines and fees, it shall issue an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                                    IRION, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.