Filed 12/28/20  P. v. Martinez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY RAYMOND MARTINEZ,<br><br>    Defendant and Appellant. | G057456<br><br>(Super. Ct. No. 15CF2794)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Maria D. Hernandez, Judge.  Affirmed as modified.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Based on a conviction for five counts of sex crimes against a minor, the trial court sentenced appellant Anthony Raymond Martinez to serve 15 years to life in prison and ordered him to pay assessment fees, a restitution fine, and a sex offender fine. Martinez contends the court imposed the fees and restitution fine in violation of his constitutional rights under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) and also abused its statutory discretion on the sex offender fine. We conclude Martinez forfeited his challenge to the court's imposition of fines and fees. Even if not forfeited, any conceivable error was harmless. We will modify the judgment to reflect the correct statutory amount for the sex offender fine. As modified, we affirm the judgment.

I

FACTS AND PROCEDURAL HISTORY

In October 2018, a jury convicted Martinez of one count of oral copulation with a child 10 years or younger (Pen. Code, § 288.7, subd. (b); count 1; all further statutory references are to this code unless otherwise indicated) and four counts of lewd acts on a child under 14 years of age (§ 288, subd. (a); counts 2 through 5). On March 8, 2019, the trial court imposed an aggregate sentence of 15 years to life in prison. The court denied Martinez's request to stay or strike the imposition of fees and fines and ordered Martinez to pay assessment fees totaling $350 (§ 1465.8; Gov. Code, § 70373),[1] a restitution fine of $300 (§ 1202.4), and a sex offender fine in the amount of $200. (§ 290.3.)

II

DISCUSSION

Martinez contends the trial court erred in concluding it lacked the discretion to strike the sex offender fine imposed under section 290.3. He also asserts the court operations and criminal assessment fees violated his right to due process because he

___

[1] The total fees are comprised of a $40 court operation assessment fee and a $30 criminal conviction assessment fee for each count.

2

lacked the ability to pay. Finally, Martinez argues the court erred in failing to stay execution on the restitution fine until the state establishes his ability to pay. None of these arguments require us to strike the fines and fees imposed or to remand for resentencing.

*Sex Offender Fine*

During the pronouncement of sentence, the trial court followed the recommendation in the probation report to find Martinez lacked the ability to pay probation costs, declaring "[t]he court will bear the responsibility for the probation and court costs." Martinez's attorney then asked the court to stay or strike the fines and fees "in the interest of justice" because he did not have "any viable source of income." The court responded, "I would like to do so, [counsel], but these are fees and fines that I cannot. They're mandatory fees. [¶] And, you know, even I will tell you, I am actually imposing the minimal fees and fines on this, [counsel]. And so even if the court had the discretion, and I don't believe I do, the court is going to impose those minimum fines and fees."

Martinez correctly notes the trial court mistakenly believed it lacked the discretion to strike the sex offender fine when a defendant does not have the ability to pay. Section 290.3, subdivision (a), provides in relevant part: "Every person who is convicted of any offense specified . . . shall . . . be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." The plain language of the statute grants a court the discretion to strike the fine if it determines a defendant lacks the ability to pay.

Martinez argues we must strike the section 290.3 fine because the trial court found he "lacked an ability to pay any [non]mandatory fine." Alternatively, he

3

asserts we must remand for an ability to pay hearing if we conclude the court never made an ability to pay finding. We decline to follow either course.

Martinez reads too much into the trial court's decision to follow the probation report's recommendation not to impose fees for the costs of preparing the probation report. An ability to pay determination considers a defendant's present and *future* ability to pay. (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 [ability to pay includes a defendant's ability to earn prison wages].) The probation report considered Martinez's future ability to obtain income when it recommended the court impose a $4,000 restitution fine and retain jurisdiction over Martinez for a future restitution order when the victim's "losses may be determined," per section 1202.46. A recommendation for a $4,000 restitution fine and the retention of jurisdiction for a future restitution order is inconsistent with a finding Martinez lacked the ability to pay in the future. It is apparent the court understood the probation report's recommendation not to impose probation costs meant only that Martinez lacked the present ability to meet that obligation.

Nor do we see any basis to remand for the trial court to hold an ability to pay hearing. It was Martinez's burden to ask the court for a hearing to determine whether he had the ability to pay the section 290.3 fine. (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749 [section 290.3 does not require court to hold ability to pay hearing "'unless'" defendant makes that request]; *People v. Castellano* (2019) 33 Cal.App.5th 485, 490 [defendant must "present evidence of his or her inability to pay amount contemplated by the trial court"].) Martinez failed to ask for an ability to pay hearing and therefore forfeited the issue.

Martinez argues the trial court's statement that it "would like to" strike the fees and fines shows it would have done so if it understood it had the discretion to strike. But this interpretation fails to account for the court's statement it would impose the minimum fees and fines "even if the court had the discretion." It would waste judicial

resources and serve no useful purpose to remand where the record shows the court ""would not have exercised its discretion even if it believed it could do so."" (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.) We view the court's statement it would like to strike the fines and fees as a personal preference that must yield to the proper exercise of discretion since Martinez offered no evidence on his future inability to pay. Consequently, we conclude no basis exists to remand the matter for an ability to pay hearing.

The parties agree the $200 amount ordered under section 290.3 was unauthorized. We agree with the Attorney General's request that we modify the judgment to reflect the statutorily specified amount of $300. (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1048, fn. 7.)

*Restitution Fine*

Martinez challenges the trial court's failure to stay execution of the restitution fine under *Dueñas*. That decision was decided two month before Martinez was sentenced. Accordingly, Martinez's failure to request a hearing below forfeits his appellate challenge to the restitution fine. The forfeiture analysis described in our discussion of the sex offender fine also applies here. Even if there was no forfeiture, no basis for resentencing exists because the court would not have exercised its discretion to strike the fine.

*Assessment Fees*

Martinez contends the trial court violated his due process rights as articulated in *Dueñas, supra,* 30 Cal.App.5th 1157. There the appellate court held due process requires a trial court to determine whether a defendant has the ability to pay assessment fees if the defendant requests the court to conduct an ability to pay hearing. (*Id.* at pp. 1163, 1167.) As discussed above, Martinez forfeited the issue.

5

Even if there was no forfeiture, we would reject Martinez's arguments. We agree with the Attorney General that although "imposing [non]punitive fees without considering [Martinez's] ability to pay [] implicate[d] due process, any such error was [] harmless in this case, given the evidence of [Martinez's] future earning capacity." Trial courts must consider whether a defendant will earn enough in prison wages or income while on probation. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 96, review granted Nov. 13, 2019, S257844 (*Kopp*) ["court should not limit itself to considering only whether [defendants] have the ability to pay at the time of the sentencing hearing"].)

The record shows, when sentenced, Martinez was a healthy 28-year-old who played basketball and handball. There is no evidence Martinez had any physical or mental impairment that would prevent him from working. Thus, we assume Martinez will earn the minimum monthly prison wage.

The record also shows garnishment of Martinez's prison wages would meet the total imposed fees by no later than his sixth year in prison, when he will be 34 years old. (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076 [noting state may garnish between 20 and 50 percent of prison wages, which range from $12 to $56 per month, to pay restitution fine].) Martinez's reliance on *People v. Taylor* (2019) 43 Cal.App.5th 390 does not persuade us to ignore this factual inference in the record. In *Taylor*, the appellate court concluded "[it could not] say that potential prison work foreclose[d] a meritorious inability to pay argument," given the defendant was 70 years old, would need 13 years to settle $840 in fees, and the court knew nothing about whether the defendant could work until then. (*Id.* at p. 402.) As noted, the record shows Martinez has the ability to pay the fees by earning prison wages. Given Martinez's sentence of 15 years to life, even if Martinez had not forfeited the issue, we would conclude any conceivable error in imposing the assessment fees without a formal ability-to-pay hearing would be harmless error.

6

### III

#### DISPOSITION

The judgment is modified (§ 1260) to reflect a $300 fine under section 290.3.  The trial court is ordered to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.