Filed 8/18/20  P. v. Ordonez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILSON ROBERTO ORDONEZ,<br><br>    Defendant and Appellant. | G057368<br><br>(Super. Ct. No. 17CF1100)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge.  Affirmed.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Following a jury trial in which Wilson Roberto Ordonez was convicted of two counts of aggravated sexual assault of his stepdaughter, a child under age 14, the trial court sentenced him to concurrent terms of 15 years to life in prison. (Pen. Code, §§ 269, subds. (a)(1) & (a)(5); 261, subd. (a)(2); 289, subd. (a).)[1] Invoking *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Ordonez's sole contention on appeal involves fines totaling up to $970 that the trial court imposed at sentencing. As we explain, we find the various permutations in which Ordonez raises the *Dueñas* issue without merit. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the appeal concerns only the imposition of sentencing fines, we limit our background discussion accordingly. At Ordonez's sentencing hearing in February 2019, a month after *Dueñas* was decided, the trial court imposed the mandatory $300 fine for sex offenses (§ 290.3, subd. (a)), the minimum $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court also imposed but suspended the minimum parole revocation fine of $300 (§ 1202.45), and advised Ordonez it would not apply if he did not gain or violate parole.

The trial court did not conduct, as Ordonez now phrases it, "an ability-to-pay hearing" regarding the fines, nor did defense counsel request one. Ordonez did not object to the fines or suggest he could not pay them. He did not argue they were excessive in any manner and did not present any evidence of his financial condition or otherwise.

---

[1] All further undesignated statutory references are to this code.

In July, five months after the sentencing hearing and prior to filing his opening brief, Ordonez's appellate counsel wrote to the trial court and requested "[p]ursuant to" *Dueñas* that the court strike or stay execution "of the fines, fees, and assessments until it is determined the defendant has the ability to pay." Counsel did not state Ordonez was unable to pay, but made the request to revisit sentencing "in view of defendant Ordonez's status as an indigent," presumably based on his use of court-appointed counsel. The trial court declined counsel's request by return letter and a minute order.

## DISCUSSION

Ordonez contends that, as in *Dueñas,* the trial court was required to hold a hearing regarding whether he was able to pay the fines imposed. (See *Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) *Dueñas* is distinguishable. The defendant there preserved her appellate challenge by objecting to the fines. (*Id.* at p. 1162.) She suffered from cerebral palsy, and was an unemployed and homeless mother with two children who could not work and had no means to pay the fines imposed by the court. (*Id.* at pp. 1160-1161.) In these circumstances, the appellate court held the restitution fine imposed there "must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay [it]." (*Id.* at p. 1164; see *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 [ability to pay may include future sources of income].)

Unlike the defendant in *Dueñas*, Ordonez neither objected to, nor gave any indication at his sentencing hearing that he could not pay the fines. His challenge under *Dueñas* is therefore forfeited. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073 (*Aviles*); *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153.) Forfeiture is consistent with the longstanding rule that a

defendant's "failure to challenge the fees in the trial court precludes him from doing so on appeal." (*People v. Aguilar* (2015) 60 Cal.4th 862, 864.)

Adding a constitutional dimension to his argument does not aid Ordonez. He relies on the narrow proportionality requirement of the due process clause of the Federal Constitution's Fourteenth Amendment, and the Eighth Amendment's prohibition against excessive fines. Ordonez implies it was the trial court's obligation to ensure these important principles were safeguarded by express findings. But as the Supreme Court has observed, "'No procedural principle is more familiar to this Court than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'" (*United States v. Olano* (1993) 507 U.S. 725, 731.)

Similarly, as our high court has also explained, "the 'burden of proving an exonerating fact'"—in this case, an inability to pay even minimum statutorily-mandated fines—"'may be imposed on a defendant if its existence is "peculiarly" within his personal knowledge and proof of its nonexistence by the prosecution would be relatively difficult or inconvenient.'" (*People v. Mower* (2002) 28 Cal.4th 457, 477.) That is the case here where any inability to pay minimum fines was peculiarly within Ordonez's knowledge. It is "incumbent upon the defendant to affirmatively argue against application of the fine and demonstrate why it should not be imposed." (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749-750.) Because Ordonez did not do so at sentencing, his claim fails.

Ordonez's post-sentencing letter request does not furnish grounds for reversal. Appellate counsel wrote the letter on Ordonez's behalf, claiming his indigence is demonstrated by the appointment of counsel. It is an unfortunate but undeniable fact, however, that an inability to afford private legal representation at trial or on appeal does not equate with being unable to pay, over time, less than $1,000 in fines. (See, e.g., *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397; *People v. Vournazos* (1988)

4

198 Cal.App.3d 948, 958 [$2,180 restitution fine not precluded by inability to post bail or appointment of counsel].)

Here, nothing in the record suggests Ordonez will be unable to work in prison, where he can earn at least $12 per month.  Those wages may be applied toward the amounts owed.  (See Cal. Code. Regs., tit. 15, § 3041.2; *Aviles*, *supra*, 39 Cal.App.5th at p. 1076.)

Ordonez's IAC claim aimed at trial counsel for failure to object to the fines is also unavailing.  "[U]nless counsel was asked for an explanation and failed to provide one" for his or her allegedly deficient conduct, "or unless there simply could be no satisfactory explanation, the claim must be rejected on appeal." (*People v. Kraft* (2000) 23 Cal.4th 978, 1069.)  Ordonez's ability to work in prison or on parole disposes of his IAC claim because counsel need not make futile or frivolous objections. (*People v. Memro* (1995) 11 Cal.4th 786, 834.)

Moreover, because the trial court imposed only the minimum statutory fines, counsel may well have had a tactical reason to forego an ability to pay hearing.  An inquiry into his financial condition could easily have increased his financial obligation, especially where there was no evidence he could not work.  The record does not "affirmatively disclose the lack of a rational tactical purpose" necessary to support a successful IAC claim.  (*People v. Ray* (1996) 13 Cal.4th 313, 349.)  Ordonez's claim is therefore without merit.

## DISPOSITION

The judgment is affirmed.


                                         GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.